# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

TODD LAPORTE

      Plaintiff(s),

vs.

WELLS FARGO INVESTMENTS, LLC.

      Defendant(s).

CASE NO. 3AN- 10-08101 CI

## SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: Wells Fargo Investments, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Hugh W. Fleischer, LLC, whose address is: 310 K Street, Suite 200, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge **McKAY** and Master _____.

[ ] This case has been assigned to District Court Judge _____.

Date: JUNE 9, 2010

CLERK OF COURT

By: _____ Deputy Clerk

I certify that on 6-9-10 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

EXHIBIT **A**
PAGE **1** OF **8**

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635   FAX (907) 264-6602
E-Mail: hfleisch@aol.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

TODD C. LAPORTE          )
                         )
          Plaintiff,     )
                         )
     vs.                 )
                         )
                         )
                         )
                         )
WELLS-FARGO INVESTMENTS, LLC )
                         )
          Defendant.     )
_____)
CASE NO: 3AN-10-08101 CIV.

## COMPLAINT

The plaintiff Todd C. LaPorte ("LaPorte") by and through his attorney of record, Hugh W. Fleischer, brings this action against defendant Wells Fargo Investments, LLC ("Wells Fargo") as follows:

1. Plaintiff, Todd LaPorte resides in the Third Judicial District of Alaska.

2. At all times mentioned in this complaint, defendant, Wells Fargo is a for-profit corporation, incorporated in the State of Alaska and licensed to do business in Alaska.

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635  FAX (907) 264-6602
E-Mail: hfleisch@aol.com

3. Plaintiff, LaPorte, was employed on or about December 5, 2007, up to June 10, 2008, as Financial Consultant of defendant Wells Fargo in the Third Judicial District of Alaska.

4. This action is brought, in part, pursuant to AS 09.10.070 with Jurisdiction of this court based on AS 22.10.020 (a) & (i).

FIRST CLAIM FOR RELIEF

5. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

6. Throughout LaPorte's employment as defendant Wells Fargo employee, defendant Wells Fargo management employees, including LaPorte's supervisor, created a hostile environment, including, on several occasions, highly disrespectful profanity toward LaPorte.

7. Mr. LaPorte was constructively discharged on or about June 10, 2008, which constituted an unlawful violation of his contract with Wells Fargo.

8. Plaintiff LaPorte alleges that the conduct of defendant Wells Fargo, as described in this complaint, would have been offensive to any person. Plaintiff did not violate the policies or procedures of Wells Fargo.

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635   FAX (907) 264-6602
E-Mail: hfleisch@aol.com

9. Defendant's conduct as described in this complaint was malicious and was intended to oppress, humiliate and denigrate plaintiff LaPorte and was totally without justification. Plaintiff LaPorte further alleges that the conduct of defendant's agents in insulting, embarrassing and mistreating plaintiff was done in the course and scope of carrying out official duties for Wells Fargo and was only possible due to defendant's Managers' respective status.

10. As a result of defendant's unlawful conduct as alleged in this complaint, plaintiff LaPorte was discharged from employment by Wells Fargo on or about June 10, 2008.

11. Mr. LaPorte has lost substantial employment benefits, including lost wages, pension benefits and other losses, in an amount in excess of $100,000, the precise amount of which will be proven at the time of trial.

12. As a further direct and proximate result of defendant's unlawful conduct, plaintiff LaPorte has suffered extreme and severe anguish, humiliation, emotional distress, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thereby is not yet fully ascertained but is in an amount in excess of $100,000, the precise amount to be proven at the

time of trial.

### SECOND CLAIM FOR RELIEF

13. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

14. Defendant Wells Fargo's wrongful discharge and the other conduct described in the above claim were acts constituting a tort of intentional interference with contractual relations.

15. (a) Plaintiff LaPorte and Wells Fargo had an employment contract (b) Wells Fargo knew of the said contract and intended to induce a breach thereof (c) the contract was breached by Wells Fargo's wrongful conduct engendered the breach (5) the breach caused the plaintiff's damages and (6) Merrill Lynch's conduct was not privileged or justified.

### THIRD CLAIM FOR RELIEF

16. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

17. The actions of Wells Fargo up to and including the discharge constituted the tort of intentional infliction of emotional distress.

18. (a) The conduct was extreme and outrageous (b) the conduct was intentional and reckless (c) the conduct

4

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635   FAX (907) 264-6602
E-Mail: hfleisch@aol.com

caused plaintiff to be inflicted with emotional distress and (d) such distress is severe.

## FOURTH CLAIM FOR RELIEF

19. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

20. Throughout LaPorte's employment, he performed his job responsibilities with proficiency and otherwise in an exemplary manner, meeting standards well above the employment contract provisions.

21. Notwithstanding the facts set out in Paragraph 20 above, Wells Fargo breached the contract by his discharge.

22. The actions taken against Mr. LaPorte were in violation of defendant Wells Fargo's covenant of good faith and fair dealing as required under the Law of Alaska. *Charles v. Interior Regional Housing Authority*, 55 P.3d 57 (Alaska, 2002); *Finch v. Greatland Foods, Inc.*, 21 P.3d 1282 (Alaska, 2001), and thereby renders the defendant Wells Fargo liable for back and front pay, and compensatory damages.

WHEREFORE, plaintiff Todd C. La Porte requests judgment against defendant, Wells Fargo Investments, LLC,

5

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635    FAX (907) 264-6602
E-Mail: hfleisch@aol.com

for:

1. Immediate restoration of all of his benefits, monetary compensation and accommodations;

2. Compensatory damages, including lost wages, pension benefits and other benefits, in excess of $100,000 and according to proof;

3. Compensatory damages, for the intentional and outrageous conduct inflicted on plaintiff, including the intentional infliction of emotional distress and intentional interference with contractual relations, in excess of $100,000 and according to proof;

3. Attorney fees and costs;

4. Prejudgment interest on all amounts claimed; and

5. Such other and further relief as the court considers just and proper.

DATED at Anchorage, Alaska, this 9th day of June, 2010.

LAW OFFICES OF HUGH W. FLEISCHER, LLC
Attorneys for Plaintiff

6

By: _____
Hugh W. Fleischer
Alaska Bar # 7106012

9513.1\500

7

EXHIBIT A
PAGE 8 OF 8